FOR THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Marcus C. Gaskins, )
)
        Plaintiff, )
)
v. ) Civil No. 19-2313 (EGS)
)
Gregorio Africa, et al., )
)
        Defendants. )
)
)

February 7, 2020

**PLAINTIFF'S OBJECTION TO MOTION TO DISMISS AND SUBMITTAL OF SUPPORTIVE DOCUMENTS**

The above-referenced Plaintiff, Marcus Gaskins, humbly requests the honorable Emmet G. Sullivan, United States District Judge, to deny the motion to dismiss request. Currently, I have been working towards providing a response and submitting the required summons in a civil action documents. Please also see attached supportive documentation. Exhibit A shows the two women who were hired making $10,000 to $20,000 more than me and were the only two people who were doing the same work as me. Their names are Sarah Fowler and Monet Lea. Exhibit B provides a copy of the Maryland Department of Unemployment order which explains that I did not have any misconduct. Therefore, the charge of discrimination and retaliation, which was confirmed and investigated by the Maryland Civil Rights Commission is valid against the Anne Arundel County Government Office of Personnel, Office of Planning and Zoning, and Department of Inspections and Permits. This case was investigated by Anne Arundel County as well and all decisions regarding the Plaintiff's termination were appealed, but the Anne Arundel County response was to label me "Not Rehireable" and their only offer of settlement was to seal all damaging documents in the Plaintiff's file, but keep them in the Plaintiff's file at the government to provide copies of upon request to other government entities. Every attempt to settle this matter was taken throughout the entire process with no success, so the case should proceed.

Marcus C. Gaskins, Plaintiff
4310 Varnum Place, NE
Washington, DC 20017

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing "Plaintiff's Objection to Motion to Dismiss and Submittal of Supportive Documents" was served by certified mail, postage prepaid, on the February 8, 2020, upon:

1.) Jessica Haskins
EEOC Maryland Commission on Civil Rights
6 St. Paul Street
Baltimore, MD 21202
Jessicam.haskins@maryland.gov

2.) Anne Arundel County Government
Attn: Current Personnel Director/HR Director
2660 Riva Road, #100
Annapolis, MD 21401

3.) Equal Employment Opportunity Commission
31 Hopkins Plaza # 1432
Baltimore, MD 21201

4.) USDOJ Civil Rights Division
950 Pennsylvania Avenue, N.W.
Karen Ferguson, EMP, PHB, Room 4701
Washington, DC 20530

Very Respectfully,

Marcus C. Gaskins
4310 Varnum Place, NE
Washington, DC 20017
mcgaskins@yahoo.com
(443) 216-9851

7/15

# EXHIBIT A

# Anne Arundel County government employee salaries

8/15

FEBRUARY 12, 2016, 2:50 PM

This is a searchable database of Anne Arundel County government employee annual salaries as of Aug. 28, 2015. This page includes salaried employees only. Click here for the database of hourly employees. **Source:** Anne Arundel County. Use the search box at the top right to narrow down your search.

Show 25 entries            Search:

| Name | Position | Salary |
|---|---|---|
| Slaughter, Anthony R | Police Corporal | 76639.68 |
| Zukowski, Mark J | Police Corporal | 76639.68 |
| Mayer, Jonathan F | Planner II | 76625.12 |
| Fowler, Sarah E | Engineer III | 76577.28 |
| Scarborough, Wendy S. | Recreation Supervisor | 76504.48 |
| Foster, John A | Admin Asst To State's Atty | 76500.32 |
| Savidge, Robert W | Engineer III | 76500.32 |
| Brewer, Pamela D | S/A Management Assistant II | 76483.68 |
| Carroll, Christopher J | Senior Management Assistant | 76481.60 |
| LaBroad, Elizabeth A | Senior Management Assistant | 76479.52 |
| Gajewski, Thomas | Electrical Technician III | 76419.20 |
| Wood, Lynda | Financial Operations Supervisr | 76300.64 |
| Howell, Mary Ann E | Human Services Supervisor | 76090.56 |
| Lemerise, Darby L | Management Assistant II | 76024.00 |
| Torney, Jeffrey D | Planner III | 76024.00 |
| Bass, Brinica C | Engineer I | 75920.00 |
| Fraser, Michael G | Police Officer First Class | 75901.28 |
| Genest, Sean A | Police Sergeant | 75851.36 |
| Batta, Rebecca J | Senior Management Assistant | 75813.92 |
| Newman, Janice K. | Police Communicat Operator IV | 75811.84 |
| Lee, Kimbalee Jo | Buyer III | 75736.96 |
| Verrette, Gerald A | Fire Fighter III | 75673.42 |

# Anne Arundel County government employee salaries

9/15

FEBRUARY 12, 2016, 2:50 PM

This is a searchable database of Anne Arundel County government employee annual salaries as of Aug. 28, 2015. This page includes salaried employees only. Click here for the database of hourly employees. **Source:** Anne Arundel County. Use the search box at the top right to narrow down your search.

Show 25 entries                                                                                          Search:

| Name | Position | Salary |
| --- | --- | --- |
| Cecil,John Allan | Combination Inspector | 73003.84 |
| Latham,Scott A | Detention Sergeant | 72993.44 |
| Matolka,Brian W | Detention Sergeant | 72993.44 |
| Davis III,John H | Detention Lieutenant | 72951.84 |
| Vogel Jr,John L | Automotive Maintenance Supervr | 72852.00 |
| Lea,Monet L | Engineer III | 72829.12 |
| Currence,Melissa D | Chemist | 72752.16 |
| Lucas,Sybil L | Environmental Sanitarian III | 72739.68 |
| Block,Laura M | Human Services Supervisor | 72735.52 |
| Moulden,Shawn | Utility Lines Superintendent | 72725.12 |
| Noe,Maureen Janet | S/A Management Assistant II | 72654.40 |
| Stevens,Albert S | Systems Programmer I | 72564.96 |
| Fish,Robert B | Program Specialist II | 72483.84 |
| Wyngarden,Cheryl L | Personnel Analyst III | 72450.56 |
| Beaujon,Marsha L | Police Corporal | 72240.48 |
| Bianchi,Marc J | Police Corporal | 72240.48 |
| Fowler,Wilbert L | Police Corporal | 72240.48 |
| Henkel,Suzanne | Police Corporal | 72240.48 |
| Ingrassia,Steven C | Police Corporal | 72240.48 |
| Lingner Jr,Robert J | Police Corporal | 72240.48 |
| McNemar,Jason B | Police Corporal | 72240.48 |
| Morningstar Jr,William R | Police Corporal | 72240.48 |

10/15

# EXHIBIT B

## UNEMPLOYMENT INSURANCE APPEALS DECISION

MARCUS C GASKINS
PO BOX 438
ODENTON, MD 21113-0438

SSN # 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
         **Claimant**
vs.

ANNE ARUNDEL COUNTY GOVERNMENT
OFFICE OF PERSONNEL
2660 RIVA ROAD
ANNAPOLIS, MD 21401-7055

         **Employer/Agency**

Before the:
**Maryland Department of Labor,
Licensing and Regulation
Division of Appeals**
1100 North Eutaw Street
Room 511
Baltimore, MD 21201
(410) 767-2421

Appeal Number: 1801998
Appellant: Claimant
Local Office : 63 / CUMBERLAND
CLAIM CENTER

March 08, 2018

**For the Claimant:** PRESENT, VAISHNAVI RANA

**For the Employer:** PRESENT, EVA KERCHNER, MATTHEW BENNETT

**For the Agency:**

## ISSUE(S)

Whether the claimant's separation from this employment was for a disqualifying reason within the meaning of the MD Code Annotated Labor and Employment Article, Title 8, Sections 8-1001 (voluntary quit for good cause), 8-1002 - 1002.1 (gross/aggravated misconduct connected with the work) or 8-1003 (misconduct connected with the work). Whether the appeal was filed timely within the meaning of Section 806 of the Labor and Employment Article.

## FINDINGS OF FACT

The claimant, Marcus C. Gaskins, began working for the employer, the Anne Arundel County Government, on August 25, 2016, and his last day worked was December 27, 2017. At the time of his discharge, the claimant worked full-time as an Engineer III, earning an annual salary of $66,133. The employer terminated the claimant from his position for falsification of employment applications for positions outside the Office of Planning and Zoning, Department of Inspections and Permits.

The claimant worked as an Engineer III, with the Anne Arundel County Government, Office of Planning

and Zoning, Department of Inspections and Permits. Towards the end of his tenure with the Office of Planning and Zoning, Department of Inspections and Permits, the claimant applied for approximately six (6) positions with the Anne Arundel County Government. None of these positions were with the Office of Planning and Zoning, Department of Inspections and Permits.

In his "Employment Application" for these jobs, the claimant indicated he supervised twenty (20) employees in his current position as an Engineer III, with the Anne Arundel County Government, Office of Planning and Zoning, Department of Inspections and Permits. While the claimant approved the work product of individuals working on outside construction projects, when they came in search of permits, the claimant did not actually supervise any employees in his current position.

In his "Employment Application" for the aforementioned jobs, the claimant indicated his gross, monthly salary in his current position as an Engineer III, with the Anne Arundel County Government, Office of Planning and Zoning, Department of Inspections and Permits, was $6,360. This equates to an annual salary of $76,320; a little more than $10,000 more than the claimant was actually making. The claimant inflated his salary number to an amount he believed he was worth, based on comparable salaries in his industry, for individuals with the same level of education and experience as the claimant possessed, and to give him greater leverage in negotiating his salary, should he be offered one of the jobs for which he was applying.

Because all job applications pass through the Anne Arundel County Government, Office of Personnel, the inflated salary and the indication of supervisory authority noted on the claimant's applications were recognized as inconsistent with the claimant's actual salary and job duties. The Office of Personnel notified the claimant's supervisors in the Office of Planning and Zoning, Department of Inspections and Permits. On December 27, 2017, the Director, David Kane, suspended the claimant for five (5) days, pending termination, for falsification of employment applications. (See ER EX #2). On January 8, 2018, the employer discharged the claimant for falsification of employment applications. (See ER EX #1).

## CONCLUSIONS OF LAW

Md. Code Ann., Labor & Emp. Article, Section 8-1003, provides for a disqualification from benefits where the claimant is discharged or suspended as a disciplinary measure for misconduct connected with the work. The term "misconduct" is undefined in the statute but has been defined as "...a transgression of some established rule or policy of the employer, the commission of a forbidden act, a dereliction of duty, or a course of wrongful conduct committed by an employee, within the scope of his employment relationship, during hours of employment, or on the employer's premises." [Rogers v. Radio Shack, 271 Md. 126, 132 (1974)].

The degree of misconduct (simple or gross) depends on the materiality of the information falsified on a job application. (Hill v. First National Bank, 1958-BR-92). Falsification or misleading statements on a job application can constitute gross misconduct. (Faudree v. C.M. Anderson's Crane Service, Inc., 819-BR-83) (The claimant's deliberately misleading statement to the employer concerning his experience and ability to perform the dangerous job of crane operator constitutes gross misconduct). A falsification of a criminal record is always material. (Johnson v. Minneapolis Postal Data Center, 83-BH-89) (A falsification of a criminal record is more serious than misrepresenting one's age and is always material).

## EVALUATION OF EVIDENCE

The employer had the burden to show, by a preponderance of the credible evidence, the claimant's termination was for conduct which rose to the level of misconduct or gross misconduct, pursuant to the Maryland Unemployment Insurance Law. (See Hartman v. Polystyrene Products Company, Inc., 164-BH-83). In the case at bar, the employer did not meet this burden.

"While falsification of an employment application is misconduct, the degree of misconduct (simple or gross) depends on the materiality of the information falsified." (Hill v. First National Bank, 1958-BR-92). Equally material is to whom the falsification was made. All of the Board of Appeals precedent decisions address a claimant's submission of a falsified, or an allegedly falsified, job application submitted to a new, potential employer that subsequently hires the claimant; based in part on the fraudulent nature of the information in the falsified application. None of these decisions address whether the former employer, about whom the claimant is offering falsified information, is in any way wronged by the claimant's actions.

The reason none of the Board of Appeals precedent cases address the former employer is because an employer must demonstrate not only that a claimant committed misconduct, but also that the misconduct was "connected with the work." In determining whether an employee's actions are connected with the work, the following circumstances should be considered:

1) Whether there was a breach of duty to the employer;
2) Whether the act occurred during the hours of employment;
3) Whether the act occurred on the employer's premises;
4) Whether the act occurred while the employee was engaged in his work; and
5) Whether the employee took advantage of the employment relationship in order to commit the act.

Employment Security Board v. LeCates, 218 Md. 202, 145 A.2d 840 (1958).

In the case at bar, there is no evidence the claimant worked on his "Employment Applications" "during the hours of employment;" that he worked on them while "on the employer's premises;" that he worked on them "while the employee was engaged in his work;" or that he "took advantage of the employment relationship in order to commit the act," as these were all publically advertised positions and the claimant submitted a standard "Employment Application." This leaves only "a breach of duty to the employer" as the sole basis for finding the claimant's submission of a falsified application to a future employer wrongs the former employer to such an extent the claimant should be denied unemployment insurance benefits.

The employer, the Anne Arundel County Government, argues it is the same employer, as it is the umbrella organization over the Office of Planning and Zoning, Department of Inspections and Permits, and any of the other offices and/or departments to which the claimant submitted falsified applications. This quirk of the application process, that the claimant sought positions within "the same company," and the claimant's misstatements in his applications were so egregious they call into question the claimant's honesty and integrity to such a degree a discharge is the only appropriate remedy, is a bit of a stretch. Had the employer's discovery of the two (2) exaggerations, nominal as they are, prompted further investigation of the claimant, which in turn uncovered other falsifications material to the job the claimant performed for the Office of Planning and Zoning, Department of Inspections and Permits, the employer's argument for

disqualification would be more compelling. Read in conjunction with the fundamental principle, "Unemployment compensation laws are to be read liberally in favor of eligibility, and disqualification provisions are to be strictly construed," [Sinai Hosp. of Baltimore v. Dept. of Empl. & Training, 309 Md. 28 (1987)], this single tenuous connection to the claimant's work is too flimsy to support a finding of even simple misconduct.

Accordingly, I hold the employer failed to meet its burden in this case and the claimant's discharge was for non-disqualifying reasons, and benefits are, therefore, allowed.

## DECISION

IT IS HELD the claimant was discharged, but not for gross misconduct or misconduct connected with the work, within the meaning of Md. Code Ann., Labor & Emp. Article, Section 8-1002 or 8-1003. No disqualification is imposed based upon the claimant's separation from employment with the Anne Arundel County Government. The claimant will then be eligible for benefits so long as all other eligibility requirements are met. The claimant may contact Claimant Information Service concerning the other eligibility requirements of the law at ui@dllr.state.md.us or call 410-949-0022 from the Baltimore region, or 1-877-293-4125 from outside the Baltimore area. Deaf claimants with TTY may contact Client Information Service at 410-767-2727, or outside the Baltimore area at 1-800-735-2258.

The determination of the Claims Specialist is reversed.

*D J Doherty*
D J Doherty, III, Esq.
Hearing Examiner

### Notice of Right to Request Waiver of Overpayment

The Department of Labor, Licensing and Regulation may seek recovery of any overpayment received by the Claimant. Pursuant to Section 8-809 of the Labor and Employment Article of the Annotated Code of Maryland, and Code of Maryland Regulations 09.32.07.01 through 09.32.07.09, the Claimant has a right to request a waiver of recovery of this overpayment. This request may be made by contacting Overpayment Recoveries Unit at 410-767-2404. If this request is made, the Claimant is entitled to a hearing on this issue.

**A request for waiver of recovery of overpayment does not act as an appeal of this decision.**

**Esto es un documento legal importante que decide si usted recibirá los beneficios del seguro del desempleo. Si usted disiente de lo que fue decidido, usted tiene un tiempo limitado a apelar esta decisión. Si usted no entiende cómo apelar, usted puede contactar (301) 313-8000 para una explicación.**

## Notice of Right of Further Appeal

This is a final decision of the Lower Appeals Division. Any party who disagrees with this decision may request a further appeal <u>either</u> in person, by facsimile or by mail with the Board of Appeals. Under COMAR 09.32.06.01A(1) appeals may not be filed by e-mail. Your appeal must be filed by March 23, 2018. You may file your request for further appeal in person at or by mail to the following address:

Board of Appeals
1100 North Eutaw Street
Room 515
Baltimore, Maryland 21201
Fax 410-767-2787
Phone 410-767-2781

**NOTE:** Appeals filed by mail are considered timely on the date of the U.S. Postal Service postmark.

Date of hearing: February 22, 2018 10:30 AM
DW/Specialist ID: WCU43
Seq No: 001
Copies mailed on March 08, 2018 to:

MARCUS C GASKINS
ANNE ARUNDEL COUNTY GOVERNMENT
ATTORNEY
CUMBERLAND CLAIM CENTER
ANNE ARUNDEL COUNTY GOVERNMENT
MATTHEW BENNETT