IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARCUS GASKINS | : | |
|    Plaintiff, | : | |
| v. | : | Case No. 19-2313 (EGS) |
| PHIL HAGER, *et al.* | : | |
|    Defendants. | : | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANTS' SUPPLEMENTAL BRIEFING
### IN SUPPORT OF MOTION TO DISMISS

COME NOW the Defendants, Phil Hager, Gregorio Africa, and Sherri Dickerson, by and through undersigned counsel, and pursuant to this Court's May 11, 2020 Order for Supplemental Briefing and states for cause to this Honorable Court:

### BACKGROUND

The Plaintiff, Marcus Gaskins (hereinafter "Mr. Gaskins") is a former employee of Anne Arundel County, Maryland who was terminated from employment on January 12, 2018 for lying about leave usage and falsifying information on an employment application. Thereafter he filed the instant case on July 29, 2019. On September 4, 2019, the Defendants moved to dismiss the case on the grounds that it was not timely filed and that the venue was improper. (ECF No. 3).

On January 14, 2020 the Court entered an Order advising Mr. Gaskins that the Court would rule on the Defendants' motion to dismiss and treat any arguments as conceded if not opposed by February 7, 2020. (ECF No. 4). On February 7, 2020 Mr. Gaskins filed an "Objection to Motion to Dismiss and Submittal of Supportive Documents" which did not address the Defendants' arguments concerning untimeliness and improper venue. (ECF No. 5). On

{00299348.DOCX; 1}

February 14, 2020 the Defendants filed a Reply, asking this Court to treat its arguments as conceded. On May 11, 2020 the Court entered a minute order directing the Defendants to submit supplemental briefing on the impact of the Defendants' motion to dismiss in light of the separate order issued in case number 19-mc-00112 giving Mr. Gaskins 45 days from June 12, 2019 to file his complaint.

Having reviewed the Court's June 12, 2019 Order in case number 19-mc-0012, the Defendants supplement their motion to dismiss as follows.

## SUPPLEMENTAL ARGUMENT

Previously the Defendants argued that Mr. Gaskins had 90 days from the date of the right-to-sue letter of February 19, 2019. Because that date was May 20, 2019 and because Mr. Gaskins did not file the instant case until July 29, 2019, the Defendants argued that the Complaint was untimely. It is now apparent that Mr. Gaskins was granted an additional 45 days from June 12, 2019 in case number 19-mc-00112 which required him to file his Complaint by July 29, 2019, which is the date the instant complaint was filed.

The Defendants suggest that the Court's June 12, 2019 order in case number 19-mc-00112 should be reconsidered and vacated and that the Complaint should be dismissed for not being filed prior to May 20, 2019. Courts apply the 90-day deadline strictly and will dismiss a suit for missing the deadline by even one day. *Wiley v. Johnson*, 436 F. Supp. 2d, 91, 96 (D.D.C. 2006). Although the 90-day limit is a non-jurisdictional deadline, it functions as a statute of limitations and is subject to waiver, estoppel and equitable tolling. *Id*. Tolling applies only in "extraordinary and carefully circumscribed instances.*" Id* (quoting *Mondy v. Sec. of the Army*, 845 F. 2d 1051, 1057 (D.C. Cir. 1988). Mr. Gaskins has provided no extraordinary grounds to expand the 90-day limit in his May 20, 2019 request for more time beyond the need to "prepare

documents and sue Anne Arundel County Government." The Complaint he ultimately filed on July 29, 2019 does not even name "Anne Arundel County, Maryland" as a defendant and instead names three individuals. The Complaint is untimely and should be dismissed.

To the extent that this Court declines to reconsider the order issued by another Judge in case number 19-mc-00112 and finds that Mr. Gaskins has timely filed his Complaint on the 45th day from that June 12, 2019 Order, this Court should still dismiss the case on the grounds of improper venue, which should be treated as conceded as they have been pending since September 4, 2019 and have never been addressed by Mr. Gaskins.

## CONCLUSION

Mr. Gaskins was required to bring suit against his former employer by May 20, 2019, which was 90 days from receiving his right-to-sue letter from the Equal Opportunity Commission. His request for an extension of time should not have been granted because he did not provide extraordinary circumstances. Even if Mr. Gaskins timely filed his Complaint on July 29, 2019 which was 45 days from the Court's order in case number 19-mc-00112, this Court should still grant the Motion to Dismiss for improper venue for the reasons asserted previously. Those grounds should be conceded and this Court should dismiss the case with prejudice.

WHEREFORE the Defendants respectfully request this Court enter an Order granting their Motion to Dismiss and dismissing the Complaint with prejudice, and for such other and further relief as justice and their cause may require.

Respectfully submitted,

*Hamilton F. Tyler*
Hamilton F. Tyler, Esq., #433122
Deputy County Attorney
Anne Arundel County Office of Law
2660 Riva Road, 4th Floor

Annapolis, Maryland 21401<br>
(410) 222-7888<br>
htyler@aacounty.org

*Attorney for the Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of May, 2020, I filed, via this Court's ECF electronic filing system, a copy of the foregoing Supplemental Briefing in Support of Defendants' Motion to Dismiss, which will make service upon all persons so entitled. I also mailed, via first-class mail postage prepaid, copies to:

Marcus Gaskins
4310 Varnum Place, NE
Washington, DC 20017

Plaintiff *pro se*

*Hamilton F. Tyler*<br>
Hamilton F. Tyler, Esq.